IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 05-170-05 |
| | : |
| CHRISTOPHER BOOKER | : |

**ORDER-MEMORANDUM**

**Padova, J.**

**AND NOW,** this 15th day of May, 2007, upon consideration of Defendant's *pro se* "Motion for Judgment of Acquittal or for a New Trial" (Doc. No. 274) and the Government's response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.

On February 2, 2007, Defendant, who represented himself at trial with the assistance of stand-by counsel, was convicted by a jury of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count I); armed bank robbery, and aiding and abetting armed bank robbery, of the Citizens Bank in Brookhaven, Pennsylvania on June 15, 2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count IV); and use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with a crime of violence on June 15, 2004, in violation of 18 U.S.C. §§ 924(c) and 2 (Count V). Defendant has moved for entry of judgment of acquittal or for a new trial on all counts pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.

I.      LEGAL STANDARD

In deciding a motion for judgment of acquittal pursuant to Rule 29, a court must view all of the evidence introduced at trial in the light most favorable to the Government and uphold the verdict so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voight, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting Jackson v.

Virginia, 443 U.S. 307, 319 (1979)). The court is required to draw all reasonable inferences in favor of the jury's verdict. United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002). The court is not permitted to weigh the evidence or assess the credibility of witnesses, as both of these functions are for the jury. United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992). Thus, the defendant bears a "very heavy burden" when challenging the sufficiency of the evidence supporting a jury verdict, United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995), and a finding of insufficiency "should be confined to cases where the prosecution's failure is clear." Smith, 294 F.3d at 476 (quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)). "On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed. R. Crim. P. 33. A new trial should be granted sparingly and only to remedy a miscarriage of justice. United States v. Copple, 24 F.3d 535, 547 n.17 (3d Cir. 1994).

II.   DISCUSSION

Defendant seeks relief based on the following four grounds: (1) there was insufficient evidence for the jury to convict him of armed bank robbery, and conspiracy to commit armed bank robbery, because there was insufficient evidence that the Citizens Bank was federally insured; (2) the Government failed to turn over certain discovery to Defendant until after the trial had commenced; (3) this Court lacks subject matter jurisdiction over the armed bank robbery and conspiracy charges because the Federal Deposit Insurance Corporation did not insure the Citizens Bank against losses from robbery; and (4) there was misconduct in the selection of a juror.

    A.   <u>Sufficiency of the Evidence</u>

Defendant argues that the Government did not prove that he was guilty of all of the elements of conspiracy to commit armed bank robbery and armed bank robbery with respect to Counts I and

IV. In particular, he contends that the Government did not prove beyond a reasonable doubt that the Brookhaven, Pennsylvania Citizens Bank was insured by the Federal Deposit Insurance Corporation (the "FDIC") when he robbed it.  The bank robbery statute defines "bank" as any member bank of the Federal Reserve System, any bank organized or operating under the laws of the United States, and "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). Consequently, we must determine whether, drawing all possible inferences in favor of the government, sufficient evidence was introduced at trial to establish beyond a reasonable doubt that the Brookhaven, Pennsylvania Citizens Bank was federally insured at the time of the robbery.

Paul Hendrickson, Regional Security Manager for Citizens Bank, testified during the trial that all of the Citizens Bank branches located in Pennsylvania are insured by the FDIC and have been insured by the FDIC during the entire six years he has been employed by Citizens Bank. (1/29/07 N.T. at 92-4.)  Testimonial evidence of a bank employee who is personally aware of the bank's federal insurance status is sufficient to establish federally insured status under the bank robbery statute.  See United States v. McIntosh, 463 F.2d 250 (3d Cir. 1972) (holding that the uncontradicted testimony of the assistant vice-president and manager of a bank branch was sufficient to establish that the bank was insured by the FDIC).  Examining this evidence in the light most favorable to the Government, we find that any rational juror could have found this element of the bank robbery statute beyond a reasonable doubt.  See Voight, 89 F.3d at 1080.  Defendant's Motion is, accordingly, denied with respect to his claim that the Government failed to prove the essential element of the crimes of bank robbery and conspiracy to commit bank robbery that the bank robbed was insured by the FDIC.

  B.  <u>Discovery</u>

Defendant contends that the Government committed an abuse of discovery and violated an

order of this Court by failing to provide him with copies of FBI Special Agent Roselli's handwritten notes pertaining to his interviews of the Defendant, Ronnie Muir and Henry Myers prior to trial. Handwritten notes taken by a government agent in connection with the investigation of a crime are not ordinarily subject to discovery. Fed. R. Crim. P. 16(2). "Once the government has called a witness to testify for the prosecution, however, the Jencks Act requires the production of 'any statement . . . of the witness in the possession of the United States which relates to the subject matter' of the witness's testimony." United States v. Patterson, 68 Fed. Appx. 351, 352 (quoting 18 U.S.C. § 3500(b)).

On January 29, 2007, prior to the commencement of the trial in this case, Defendant informed us that he had not received copies of Special Agent Roselli's handwritten notes from his interviews with the Defendant, Muir and Myers. (1/29/07 N.T. at 4-5.) He stated that he needed the notes in order to prepare to cross-examine Special Agent Roselli. (Id. at 5-6.) The Government offered to turn those notes over to the Defendant later that day, prior to the testimony of Special Agent Roselli, Muir and Myers.[1] (Id. at 4, 6.) Defendant agreed that this would be satisfactory. (Id. at 6.) We find that the Government complied with this Court's instruction that the handwritten notes be turned over to Defendant prior to Special Agent Roselli's testimony and that the Government's production of these notes did not violate the Jencks Act. Defendant's Motion is, accordingly, denied with respect to his claim that the Government committed an abuse of discovery and failed to comply with an order of this Court.

---

[1] Mr. Muir testified on behalf of the Government on January 31, 2007. Special Agent Roselli testified on January 31 and February 1, 2007. Mr. Myers did not testify at Defendant's trial.

      C.      <u>Jurisdiction</u>

Defendant contends that this Court lacks subject matter jurisdiction over this case because the Brookhaven, Pennsylvania Citizens Bank was not insured against robbery by the FDIC. Defendant appears to misunderstand the element of federal insurance in the bank robbery statute. This element has nothing to do with insuring banks against loss due to robberies. It instead relates to Congress' power to regulate interstate commerce. As the United States Court of Appeals for the Third Circuit has explained, "'FDIC-insured financial institutions are instrumentalities and channels of interstate commerce'" and, consequently, "Congress was well within its rights to criminalize [bank robbery] pursuant to its power under the Commerce Clause." <u>United States v. Spinello</u>, 265 F.3d 150, 159 (3d Cir. 2001) (quoting <u>United States v. Watts</u>, 256 F.3d 630, 633-34 (7th Cir. 2001)). Since Congress had the power to criminalize the robbery of federally insured banks under the Commerce Clause, this Court has subject matter jurisdiction over charges of armed bank robbery and conspiracy to commit bank robbery of federal insured banks such as Citizens Bank whether or not said bank is federally insured against losses due to robbery. <u>See</u> <u>Watts</u>, 256 F.3d at 633-34 ("Robberies of FDIC-insured banks . . . have an interstate economic effect that is quite independent of the coverage that FDIC insurance extends to insured banks. It is therefore of no consequence that FDIC insurance does not cover losses due to robbery.") (footnote omitted). Defendant's Motion is, accordingly, denied with respect to his claim that this Court lacked jurisdiction over the charges against him because the Brookhaven, Pennsylvania Citizens Bank was not insured against robbery by the FDIC.

      D.      <u>Misconduct in Jury Selection</u>

Defendant also contends that misconduct occurred in connection with the selection of one of the jurors. Defendant claims that his stand-by counsel informed him, during jury selection, that one

of the members of the jury knew him, that the issue had been brought to the attention of the Court, and that he had been denied the opportunity to address the issue. Defendant's recollection of the facts is incorrect. The Court was notified by one of the jurors, on January 30, 2007, the second day of trial, that she thought that her sons might know Booker because they lived in the same general area as Booker. The juror did not say that she, herself, was acquainted with Booker. The Court informed the Assistant United States Attorney and stand-by counsel for Defendant of the information provided by this juror during a recess held at 10:28 a.m. on January 30, 2007. Booker was given an opportunity to object to the continued presence of this juror on the jury. He did not make any objection to her continued participation in the jury then or at any other time during the remainder of the trial.

Defendant acknowledges that he was aware of this issue prior to the conclusion of the trial. He did not object to this juror or file a motion in connection with this juror prior to the conclusion of the trial. We find that Defendant has, accordingly, waived any claim he might otherwise have had regarding juror misconduct or bias by not raising this issue before the conclusion of his trial. See United States v. Desir, 273 F.3d 29, 43 (1st Cir. 2003) ("[A] defendant who has knowledge of juror misconduct or bias at the time of trial waives such a claim by failing to raise it until after trial." (citing United States v. Costa, 890 F.2d 480, 482 (1st Cir.1989))). Defendant's Motion is, accordingly, denied with respect to his claim of misconduct during jury selection.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.